**Doris HINES, Dana Boren, and Robert Guffey, Appellants,**

v.

**EVERGREEN CEMETERY ASSOCIATION, Appellee.**

**No. 06–93–00070–CV.**

Court of Appeals of Texas, Texarkana.

Nov. 2, 1993.

■

---

John M. Gillis, Dallas, for appellants.

Harold R. McKeever, Payne & Blanchard, Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Appellants Doris Hines, Dana Boren, and Robert Guffey appeal from a trial court judgment dismissing their suit against Evergreen Cemetery Association based on alleged violations of the Deceptive Trade Practices Act.[1] The issue is whether the appellants' pleadings show as a matter of law that they are

---

1. Tex.Bus. & Com.Code Ann. § 17.01, et seq. (Ver- non 1987 & Supp.1993).

not "consumers" for the purposes of the DTPA.

The following factual history is based on appellants' pleadings which, due to the procedural nature of this case, as noted below, are taken to be true. On June 10, 1991, William Robert Guffey, appellants' father, died. Appellants arranged with Evergreen Cemetery Association to purchase a burial plot and interment of their father in that plot. A few days after the funeral, and without notice to the appellants, Evergreen disinterred Guffey's body and reinterred it a short distance away, apparently because the body had been buried partly in a plot belonging to someone else. Jess Blasingame, superintendent of Evergreen, initially denied to appellants that this had been done, but later admitted it.

Appellants sued Evergreen and Blasingame for wrongful disinterment of a dead body and, alternatively, for violation of the Texas Deceptive Trade Practices Act. They pleaded that Evergreen misrepresented its goods and services and the rights conferred by its agreement, breached express and implied warranties, and engaged in an unconscionable transaction. Evergreen answered and leveled a number of special exceptions against appellants' petition, one of which was to their DTPA claims. Evergreen pleaded that, because the appellants were not consumers as defined by the DTPA, they were not entitled to recover under that Act. The trial court granted Evergreen's special exception on this point. The appellants then repleaded by way of first and second amended original petitions, stating that: "Plaintiffs are consumers as defined in said act [DTPA] in that they are individuals who sought and acquired by purchase or lease goods and services." Evergreen then specially excepted to the amended pleadings.

Evergreen filed a motion to dismiss appellants' DTPA claims, arguing that the defect in their pleadings relative to "consumer" status could not be cured. At the hearing on the motion, counsel for Evergreen argued that acts occurring after the property had been sold do not come within the DTPA. Since the pleadings showed that the disinterrment of Guffey and attempts to disguise it took place after the purchase of the burial

plot, Evergreen argued that appellants were not consumers as to those acts. The trial court granted the motion and dismissed the DTPA claims with prejudice. Appellants subsequently prevailed in the trial of the common law claim.

On appeal, appellants contest only the dismissal of their DTPA claims. They first contend that the trial court erred in holding that the pleadings negated their status as consumers under the DTPA. We agree.

■■■ Ordinarily, plaintiffs must be given an opportunity to amend after special exceptions to their pleadings are sustained, before a trial court may dismiss the cause for failure to state a cause of action. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974). If the pleadings, even after amendment, still fail to state a cause of action, the court may dismiss the suit. *Russell v. Dep't of Human Resources*, 746 S.W.2d 510, 512–13 (Tex.App.—Texarkana 1988, writ denied); *Trucker's, Inc. v. South Texas Constr. Co.*, 561 S.W.2d 855, 857 (Tex.Civ. App.—Corpus Christi 1977, no writ). When an appeals court reviews a trial court's dismissal based on special exceptions, it must liberally construe and accept as true all material factual allegations and reasonable inferences set out in the pleadings. *Austin v. Houston Lighting & Power*, 844 S.W.2d 773, 783 (Tex.App.—Dallas 1992, writ denied); *Villarreal v. Martinez*, 834 S.W.2d 450, 452 (Tex.App.—Corpus Christi 1992, no writ).

■■ In order to bring a successful claim under the DTPA, a plaintiff must show (1) that he is a consumer, TEX.BUS. & COM.CODE ANN. § 17.45(4); (2) that the defendants were guilty of (a) false, misleading, or deceptive acts or practices, (b) breach of an express or implied warranty, (c) an unconscionable act or course of action, or (d) violation of specified insurance regulations, TEX.BUS. & COM. CODE ANN. § 17.50(a); and (3) that the guilty acts produced actual damages, TEX.BUS. & COM.CODE ANN. § 17.50(a). *Knowlton v. United States Brass Corp.*, 864 S.W.2d 585 (Tex.App.—Houston [1st Dist.] 1993, n.w.h.). The issue of whether the plaintiff is a consumer is, then, a threshold one.

Ordinarily, whether a plaintiff is a consumer for purposes of the DTPA is a question of law to be determined by the trial court based on all the evidence. *Luker v. Arnold,* 843 S.W.2d 108, 111 (Tex.App.—Fort Worth 1992, no writ); *Allied Towing Service v. Mitchell,* 833 S.W.2d 577, 581 (Tex.App.—Dallas 1992, no writ); *Tuscarora Corp. v. HJS Industries,* 794 S.W.2d 435, 441 (Tex.App.—Corpus Christi 1990, writ denied). For a person to be qualified as a consumer, he must meet two requirements. First, he must have sought or acquired the goods or services by purchase or lease. Second, the goods or services purchased or leased must form the basis of the complaint. *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 351–52 (Tex.1987), *citing Sherman Simon Enterprises v. Lorac Service Corp.,* 724 S.W.2d 13, 15 (Tex.1987), and *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex.1981).

In this case, the first prong of the test for consumer status is clearly met and was not disputed below. The appellants pleaded that they purchased a burial plot and burial services from Evergreen. At issue is the second prong: whether the purchase of the burial plot and burial services formed the basis of the appellants' complaint.

Consumer status is defined by a party's relationship to the transaction, not to the timing of the acts of the parties. *See Flenniken v. Longview Bank and Trust Co.,* 661 S.W.2d 705, 707 (Tex.1983); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d at 541. There is no requirement that the defendant's unconscionable act occur simultaneously with the sale or lease of the goods or services that form the basis of the consumer's complaint. *Flenniken v. Longview Bank and Trust Co.,* 661 S.W.2d at 707; *see also Griffith v. Porter,* 817 S.W.2d 131, 134 (Tex.App.—Tyler 1991, no writ); *Teague v. Bandy,* 793 S.W.2d 50, 54 (Tex.App.—Austin 1990, writ denied); *Jim Stephenson Motor Co. v. Amundson,* 711 S.W.2d 665, 670 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). So long as the goods or services form the basis of the plaintiff's claim, then, the fact that the defendant's misrepresentations, breaches, or unconscionable acts occur after the sale of the goods or services will not prevent the plaintiff from being a consumer for purposes of the DTPA. *Flenniken v. Longview Bank and Trust Co.,* 661 S.W.2d at 707.

Evergreen points to *Rosell v. Farmers Texas County Mut. Ins. Co.,* 642 S.W.2d 278 (Tex.App.—Texarkana 1982, no writ), a decision in which this Court affirmed a trial court's denial of consumer status as to the plaintiff. The rationale of that decision was that "any post-sale conduct of an insurer is not conduct occurring in connection with the purchase of goods or services." *Id.* at 279, *citing American Ins. Co. v. Reed,* 626 S.W.2d 898 (Tex.App.—Eastland 1981, no writ). Both of those decisions, however, predated *Flenniken* and were impliedly overruled by it, as was noted by the Tyler Court of Appeals in *Allstate Ins. Co. v. Kelly,* 680 S.W.2d 595, 603 (Tex.App.—Tyler 1984, writ ref'd n.r.e.).

Moreover, appellants here not only purchased a cemetery plot, they also purchased the burial services including continued interment of their father in the plot. One does not purchase a burial plot with the expectation that the cemetery association will surreptitiously move the body from place to place without permission of the family. Any action by Evergreen in moving the body after the funeral would necessarily affect the original agreement, and any conflict regarding this movement would necessarily evolve out of the understanding created by the original agreement. Thus, the appellants' pleaded claim has its basis in the purchase of the burial plot and burial services, making them consumers within the meaning of the DTPA.

In view of our disposition of this point, it is not necessary to address the appellants' remaining points. Because we find that appellants do state a cause of action as consumers under the DTPA, we reverse the judgment and remand the cause to the trial court for trial on the appellants' DTPA claims.