Thad MARTIN and Susan Wilson, individually and on behalf of all others similarly situated, Plaintiffs,

v.

HOME DEPOT U.S.A., INC., Defendant.

No. A–03–CA–475–SS.

United States District Court,
W.D. Texas,
Austin Division.

March 31, 2005.

Dennis C. Reich, Shari A. Wright, Houston, TX, Tod Aronovitz, Barbara Perez, Mary Margaret Schneider, Miami, FL, Gary E. Mason, Charles A. Schneider, Washington, DC, Gary S. Graifman and Benjamin Benson, Chestnut Ridge, NY, for Plaintiffs.

Thomas M. Bullion, III, Chris A. Blackerby, Austin, TX, David A. Rabin, John P. MacNaughton, Robert P. Alpert, Atlanta, GA; Edward E. Moss, Miami, FL, and

John K. Sherk, Kansas City, MO, for Defendant.

## ORDER

SPARKS, District Judge.

BE IT REMEMBERED on the 31st day of March 2005, the Court reviewed the file in the above-styled cause, and specifically Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment [# 114]. Having considered the motion, the response and the reply, the case file as a whole, and the applicable law, the Court enters the following opinion and order.

## I. Background

This proposed class action was originally filed in Travis County District Court on July 1, 2003. Defendant Home Depot removed the case to this Court on July 10, 2003, pursuant to 28 U.S.C. §§ 1332 and 1446(a), based upon diversity jurisdiction. This Court subsequently ruled removal was proper and denied class certification

Plaintiffs Thad Martin's and Susan Wilson's (hereinafter collectively referred to as Plaintiffs) claims arise from alleged defects in Chromated Copper Arsenate ("CCA") Treated Wood they purchased from Home Depot. CCA Treated Wood contains an EPA-registered and approved preservative which provides long-term protection from decay, insects, fungi, and other potential causes of deterioration, thus substantially reducing the amount of lumber ultimately taken from the nation's forests. CCA has been the predominant preservative used in outdoor wood structures for the past 60 years.

As set forth in Plaintiffs' Second Amended Complaint, Plaintiffs owned a home in Austin, Texas where they constructed decks using CCA Treated Wood purchased from Home Depot. Am. Compl. §§ I, III. Plaintiffs allege arsenic leached from the wood onto the surface of the decks and into underlying soil. *Id.* § III. They claim this alleged leaching poses a health risk, rendering the CCA Treated Wood defective. *Id.* Plaintiffs do not allege the wood actually harmed their health or the CCA Treated Wood has in any manner failed to perform its intended purpose.

Plaintiffs also contend despite knowledge of this alleged risk, Home Depot represented CCA Treated Wood as suitable and safe for use in residential decks and playground equipment. *Id.* § III. Plaintiffs further allege Home Depot expressly and impliedly warranted CCA Treated Wood was safe and suitable for such use. *Id.* § VI.

Based on the above allegations, Plaintiffs assert the following four causes of action: (1) breach of express warranty; (2) breach of implied warranty; (3) strict liability pursuant to § 402B of the Restatement (Second) of Torts; and (4) violations of the Deceptive Trade Practices Act ("DTPA"). They seek to recover the costs associated with removing, replacing, and disposing of the decks, as well as remediating their soil. *Id.* § VIII. Plaintiffs further seek damages for the mental anguish they allegedly have suffered because they believe they have exposed their children to an increased risk of developing cancer. *Id.* Finally, Plaintiffs seek treble dames under the DTPA. *Id.* § IX.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th

Cir.1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler,* 909 F.2d 834, 837 (5th Cir.1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). First, the moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Anderson,* 477 U.S. at 256–257, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996).

### B. All of Plaintiffs' Claims Fail Because Plaintiffs Cannot Recover for Mere Fear of Future Injury

■ Texas law requires Plaintiffs to demonstrate "actual injury" to pursue a claim. *See Polaris Indus., Inc. v. McDonald,* 119 S.W.3d 331, 338–42 (Tex.App.-Tyler 2003, no pet.) (dismissing putative class plaintiff's breach of implied warranty claim because no injury had manifested itself); *Hines v. Evergreen Cemetery Ass'n,* 865 S.W.2d 266, 268 (Tex.App.-Texarkana 1993, no writ) (recognizing the necessity of demonstrating actual injury to support a claim under the DTPA); *Munoz v. Gulf Oil Co.,* 732 S.W.2d 62, 65 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (reaffirming injury requirement under breach of warranty claim); *Gideon v. Johns–Manville Sales Corp.,* 761 F.2d 1129, 1136 (5th Cir.1985) ("While the sale of a defective product creates a potential for liability, the law grants no cause of action for inchoate wrongs. However egregious the legal fault, there is no cause of action for negligence or products liability until there is 'actual loss or damage resulting to the interests of another.'") (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON TORTS § 30 at 165 (5th ed.1984)). The Fifth Circuit has applied this Texas law to expressly disallow "no injury product liability claims" such as those asserted here. *Rivera v. Wyeth–Ayerst Labs.,* 283 F.3d 315 (5th Cir.2002) (dismissing the plaintiffs' product liability lawsuit because the plaintiffs alleged no injury in fact).

A Texas federal court decision, *Martin v. Ford Motor Co.,* 914 F.Supp. 1449 (S.D.Tex.1996), provides insight into why no injury cases are not permitted. In *Martin,* several purchasers of automobiles equipped with a passenger restraint system sued the auto manufacturer. While the plaintiffs admitted they had not sustained any personal injury as a result of the restraint system, they nevertheless claimed that because it was inadequate, the automobiles were unsafe. *Id.* at 1452. They alleged claims for breach of express warranty, breach of implied warranty, and violation of the DTPA. *Id.* The defendant auto manufacturer moved for summary judgment, arguing the plaintiffs' complaint failed as a matter of law, since it alleged no injury. *Id.* at 1455. The *Martin* court agreed, and granted the defendant's motion, stating the plaintiffs could not "succeed on any of their claims with-

out demonstrating that they have in fact been injured." *Id.* at 1455.

*In re Air Bag Prods. Liab. Litig.*, 7 F.Supp.2d 792 (E.D.La.1998) is also instructive. There, the plaintiffs were purchasers of vehicles allegedly equipped with defective air bag systems. The plaintiffs alleged the air bags were defective because they could deploy with such force as to cause serious injury. Although the plaintiffs had sustained no such injury, they sued the manufacturer for breach of implied warranty under Texas law claiming, due to such defect, the plaintiffs did not receive the benefit of their bargain. The defendants moved for summary judgment, arguing that without an actual injury, the plaintiffs' claims failed as a matter of law. The *Air Bag* court agreed and, citing *Martin* with approval, entered summary judgment in favor of the defendants. In concluding the plaintiffs' claims were fatally defective, the court, applying Texas law, stated "the absence of manifest injury is so fundamental a deficiency in tort or implied warranty claims that such claims are more appropriately dismissed than preserved." *Id.* at 804.

■ In this case, Plaintiffs do not contend they have sustained actual physical injury. Am. Compl. Instead, they allege only that CCA Treated Wood presents an increased risk of future injury or illness.[1] *Id.* In support of their argument that Texas law recognizes a cause of action for increased health risk due to mere exposure, Plaintiffs rely on the 1997 court of appeals decision, *Carter v. Temple–Inland Forest Prods. Corp.*, 943 S.W.2d 221 (Tex. App.-Beaumont 1997). Pls.' Resp. at 15. Unfortunately for Plaintiffs, this decision was reversed by the Texas Supreme Court in *Temple–Inland Forest Prods. Corp. v. Carter*, 993 S.W.2d 88 (Tex.1999). Texas law does not recognize a cause of action based solely upon an increased health risk, absent a manifested injury. All of Plaintiffs' claims fail for this reason alone.

Even if such a claim were recognized in Texas, Plaintiffs have failed to demonstrate they, in fact, are at an increased health risk. Specifically, Plaintiffs have failed to make the requisite showing of general or specific causation in this case.

■ Causation in toxic tort cases requires both general and specific causation. *Frias v. Atlantic Richfield Co.*, 104 S.W.3d 925, 928 (Tex.App.—Houston [14 Dist.] 2003, no pet.) (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex.1997)). General causation is whether a substance is capable of causing a particular injury or condition, while specific causation is whether a substance actually caused a particular individual's injury. *Havner*, 953 S.W.2d at 714.

With regard to general causation, Plaintiffs have failed to submit a single scientific study supporting their contention that exposure to CCA Treated Wood causes an increased health risk. Plaintiffs' sole expert, Dr. Richard Maas plainly admits no "good studies" exist regarding such a causal link. Def.'s Mot., Ex. D (Maas Dep.) at 169.

Regarding specific causation, as set forth in *Havner*, even assuming a causal link between exposure to a substance and an increased risk of disease, a claimant must show a similar personal exposure and must exclude other plausible causes of the disease with "reasonable medical probabili-

1. With respect to their economic damages, the cost of removing and replacing their decks as well as remediation of their soil. Plaintiffs have admitted these actions were taken merely as a result of their own subjec-

tive fears regarding the safety of CCA Treated Wood and with the specific knowledge the EPA had advised that such action was unnecessary. Def.'s Mot., Ex. C (Martin & Wilson Dep., January 11, 2005) at 129.

ty." *Havner*, 953 S.W.2d at 718. Here, Dr. Maas freely admits there are numerous other contributors to cancer aside from CCA Treated Wood, that virtually everyone is exposed to on a daily basis, including other sources of arsenic found in common diets and drinking water. Def.'s Mot., Ex. D (Maas Dep.) at 169. Moreover, Dr. Maas fails to quantify the exposure of these Plaintiffs. Dr. Maas has not spoken to Plaintiffs, reviewed their depositions, viewed photographs of their property, or calculated their exposure potential. *Id.* at 52–53, 103–04. In fact, Dr. Maas admits he has not even been requested to perform a risk assessment in this case nor has he attempted to do so. *Id.* at 102. Therefore, Plaintiffs' claims fail as they have not shown the exposure to CCA Treated Wood in general can cause an increased risk of disease or their exposure to CCA Treated Wood caused an increased health risk to them.[2]

### C. Plaintiffs' Individual Claims Also Fail for Claim–Specific Reasons

#### 1. Breach of Express Warranty

■ Plaintiffs claim Home Depot expressly warranted CCA Treated Wood was safe for use in decks, CCA Treated Wood is in fact not safe for such use, and the breach of this express warranty caused Plaintiffs' damages. Am. Compl. § VI. As noted, Plaintiffs cannot establish a defect in the product sufficient to give rise to a breach of warranty. Further, neither of the representations identified by Plaintiffs constitute an "express warranty" under Texas law.

■ Plaintiffs have testified they received only two pieces of information regarding CCA Treated Wood—a flyer depicting a deck with pricing information and a statement from a Home Depot associate that "this is pressure treated lumber; use it." Neither of these communications constitutes an express warranty that CCA Treated Wood was proper, safe, and suitable for use in residential decks. *See Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.) (alleged failure to provide warnings did not constitute an affirmation of fact or promise, necessary to establish an express warranty).

In response, Plaintiffs cite several cases holding whether an express representation was made is a question for the jury. Pls.' Resp. at 20. However, the cases relied upon by Plaintiffs are distinguishable from this case.

For example, in *General Supply & Equip. Co., Inc. v. Phillips*, 490 S.W.2d 913, 917 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.), though the defendant-seller stated certain roof panels would not discolor even after years of exposure, the panels discolored after about two years. The issue in *Phillips* was whether this statement constituted an express warranty or merely an opinion of the seller. *Id.* Unlike *Phillips*, no such issue exists here, as Plaintiffs cannot identify an express statement made by Home Depot regarding the issue in controversy, *i.e.* the safety of the CCA Treated Wood.

In *Church & Dwight Co., Inc. v. Huey*, 961 S.W.2d 560 (Tex.App.—San Antonio

---

**2.** Home Depot also argues Plaintiffs' claims against it are precluded by § 82.003 of the Texas Civil Practice and Remedies Code. This new statute, passed by the 78th Texas Legislature, insulates sellers of goods, in many circumstances, from products liabilities claims. However, these new rules apply only to actions filed on or after September 1, 2003. Tex. Civ. Prac. & Rem. Code § 82.003(d). As previously stated, this proposed class action was originally filed in Travis County District Court on July 1, 2003. Therefore, the statute is inapplicable to the present case.

1997, pet. denied), the issue was whether the plaintiff reasonably relied upon the defendant's warranty. Here, the issue is not reliance but whether Home Depot ever made an express representation. Plaintiffs also cite *Appleby v. Hendrix*, 673 S.W.2d 295 (Tex.App.—Beaumont 1984, no writ) for the proposition an advertisement placed in a publication may constitute an express warranty. However, unlike *Appleby*, where the defendant made an express representation about the sterility of a horse, Home Depot made no express representation about the safety of CCA Treated Wood. Accordingly, Plaintiffs' express warranty claim fails.

■ Plaintiffs' express warranty claim also fails because Plaintiffs did not provide Home Depot with pre-suit notice as required by Texas law. Texas Business and Commerce Code § 2.607(c)(1) requires a buyer to notify any seller of the product's alleged defect within a reasonable time of discovering the defect. A failure to do so bars the buyer from any remedy for breach of warranty under the Texas Business & Commerce Code. *United States Tire Tech. v. Boeran, B.V.*, 110 S.W.3d 194, 199 (Tex.App.—Houston [1st Dist.] 2003, pet. denied). The notice requirement is a condition precedent for a buyer's cause of action. *Id.* Here, it is undisputed Plaintiffs did not give the requisite notice prior to filing suit. Thus, Plaintiffs' express warranty claim fails for this additional reason.

### 2. Breach of Implied Warranty

Pre-suit notice is also a condition precedent to actions based on breach of implied warranty. *See United States Tire–Tech.*, 110 S.W.3d at 201 ("The notice requirement for both breach of implied warranty and breach of express warranty springs from the same source—section 2.607(c)(1) of the Texas Business and Commerce Code."). Accordingly, Plaintiffs' breach of implied warranty claim fails for this reason.

### 3. Strict Liability Pursuant to § 402B

Plaintiffs allege Home Depot made certain representations regarding the CCA Treated Wood sold to them, these representations were untrue, and Home Depot is thus liable in strict liability under § 402B of the Restatement (Second) of Torts. Am. Compl. § VI. Section 402B states:

> One engaged in the business of selling chattels who, by advertising, labels, or otherwise, makes to the public a *misrepresentation of a material fact* concerning the character or quality of a chattel sold by him is subject to liability for *physical harm* to a consumer of the chattel caused by justified reliance upon the misrepresentation ...

RESTATEMENT (SECOND) OF TORTS § 402B (emphasis added).

■ Here, Plaintiffs have no evidence of physical harm, nor do they attempt to allege physical injuries. Am. Compl. Additionally, Plaintiffs have not shown that Home Depot misrepresented a material fact about CCA Treated Wood. Plaintiff Martin testified the only written material he received from Home Depot was a flyer depicting a deck and containing prices. Def.'s Mot., Ex. B (Martin Dep., June 1, 2004) at 22–23. Plaintiff Martin also testified the only oral communication made to him was "[t]his is pressure treated wood; use it." *Id.*, Ex. C (Martin & Wilson Dep., January 11, 2005) at 128. Neither the flyer nor this statement constitute a misrepresentation concerning the character or quality of CCA Treated Wood. Thus, Plaintiffs' § 402B strict liability claim fails as a matter of law.

### 4. Violations of the DTPA

Plaintiffs assert two types of claims under the DTPA: (1) breach of warranty; and (2) misrepresentation. Am. Compl. § VII. Plaintiffs contend Home Depot expressly and impliedly warranted CCA Treated Wood was safe for decks, and Home Depot breached these warranties, thus subjecting itself to liability under the warranty section of the DTPA. Tex. Bus. & Com. Code § 17.50(a)(2). Plaintiffs also allege because Home Depot represented CCA Treated Wood has characteristics, uses, or benefits that it does not have, Home Depot is liable under the misrepresentation section of the DTPA. Tex. Bus. & Com. Code §§ 17.46(b)(5), 17.50(a)(1).

Plaintiffs' warranty claims fail as a matter of law for reasons already stated. As to Plaintiffs' DTPA misrepresentation claim, Plaintiffs must show Home Depot represented the CCA Treated Wood has characteristics, uses, or benefits which it does not possess. *Id.* As discussed above, the record before the Court does not establish Home Depot made an express representation to Plaintiffs that CCA Treated Wood was proper, safe, and suitable for use in residential decks and playground equipment. Accordingly, Plaintiffs' DTPA misrepresentation claim fails as well.

### III. Conclusion

In accordance with the foregoing discussion, the Court enters the following orders:

IT IS ORDERED that Defendant Home Depot's Motion for Summary Judgment [# 114] is GRANTED; and

IT IS FURTHER ORDERED that any and all remaining pending motions before this Court are DISMISSED AS MOOT.