

## NUMBER 13-09-00519-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE: ATLAS TUBULAR, L.P., ET AL.

### On Relators' Petition for Writ of Mandamus
### and Motion for Temporary Relief.

## O P I N I O N

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Opinion by Justice Garza

Relators, Atlas Tubular, L.P., Atlas Marketing, L.P., and Atlas Tubular Management L.P. (collectively "Atlas"), filed a petition for writ of mandamus with this Court asking that we compel respondent, the Honorable Mario E. Ramirez Jr., presiding judge of the 332nd Judicial District Court of Hidalgo County, Texas, to vacate his September 10, 2009 "Order Granting Request for Designated Findings Against Maharashtra Seamless, Ltd. In Plaintiffs' Second Motion for Sanctions for Discovery Abuse." Atlas also filed a "Motion for Temporary Relief" asking us to stay the underlying proceedings until such time as the petition may be fully considered. On September 14, 2009, we requested that the real parties in interest, Dewbre Petroleum Corp., et al. ("Dewbre"), file any answer to Atlas's petition on an expedited basis. Dewbre filed a response on September 17, 2009. Having examined and fully considered Atlas's petition and Dewbre's response thereto, we deny

the petition and motion.

The underlying suit arose from the failure of pipe casing used in an oil and gas well. Dewbre brought suit against several defendants, including Atlas, who sold the casing, and Maharashtra Seamless, Ltd. ("Maharashtra"), who manufactured the casing. Atlas argued that the suit against it is barred pursuant to section 82.003 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a) (Vernon 2005). Under that statute, a seller that did not manufacture a product cannot be held liable for harm caused by that product unless the plaintiff proves one of several exceptions. *Id.* One of the exceptions will apply when the plaintiff proves that the manufacturer of the product is insolvent or not subject to the jurisdiction of the trial court. *See id.* § 82.003(a)(7).

Maharashtra, an Indian corporation, initially appeared in the trial court to defend against the suit but later discontinued its participation in the case. Noting that Maharashtra had failed to respond to its propounded interrogatories and requests for admissions, Dewbre moved for sanctions pursuant to Texas Rule of Civil Procedure 215.2(b)(3) and (4). The trial court granted Dewbre's motion and rendered an order on September 10, 2009, providing in part as follows:

> [T]he following factual findings are designated as being established as the responses of Maharashtra Seamless, Ltd. to the [Plaintiff's] interrogatories:
>
> 1. Maharashtra Seamless Ltd., owns no assets in the United States, including real and personal property, money or securities or interests in domestic joint ventures, partnerships or corporations; and
>
> 2. Maharashtra Seamless Ltd[.] owns no assets located in the United States, including real and personal property, money or securities or interests in domestic joint ventures, partnerships or corporations and has no assets or property subject to the jurisdiction of this Court or any United States court.
>
> It is ORDERED that these findings, Nos. 1 and 2 above, may be offered into evidence as interrogatory responses of Maharashtra Seamless, Ltd. and Maharashtra is prohibited from introducing evidence at trial which supports or opposes the for[e]going findings.
>
> . . . .

2

The Court ORDERS that the entry of the findings against Maharashtra Seamless, Ltd. in this Order do not prejudice the rights of any other party to offer evidence either supporting or opposing such findings.

Atlas argues in its petition for writ of mandamus that the sanctions order constitutes a clear abuse of discretion, leaving it without an adequate appellate remedy, because it (1) "does not punish the offending party[, Maharashtra]," (2) "inhibits an innocent party's [Atlas's] right to a merits determination on its dispositive statutory defense," (3) is not supported by the evidence, and (4) "shift[s the] statutorily mandated burden of proof [as to the exceptions listed in section 82.003] from the plaintiffs to an innocent defendant."

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner; or, stated differently, when it acts without reference to guiding rules and principles. *See, e.g., Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

Without determining whether Atlas has an adequate appellate remedy, we disagree that the sanctions order constitutes an abuse of discretion. The "factual findings" contained in the order do not conclusively establish that Maharashtra is insolvent or that Atlas cannot avail itself of the protections of section 82.003. Rather, the order merely establishes that Maharashtra is deemed to have answered Dewbre's discovery requests in the manner requested by Dewbre. This type of sanction is explicitly authorized by rule. *See* TEX. R. CIV. P. 215.2(b)(3). The order provides that the deemed interrogatory answers and admissions may be introduced as evidence at trial, but it also specifically states that defendants other than Maharashtra may present evidence rebutting those deemed answers and admissions.[1] Accordingly, the order does not "inhibit" Atlas from invoking its

---

[1] In its petition, Atlas points to deposition testimony indicating that there are several accounts located in United States banks that are payable to Maharashtra, and that under United States accounting principles, those accounts are considered to be assets of Maharashtra. There is nothing preventing Atlas from introducing similar evidence at trial to rebut the interrogatory answers and admissions deemed to have been provided by Maharashtra pursuant to the sanctions order.

statutory defense and obtaining a determination as to the merits of that defense at trial.

Moreover, we find no impermissible burden-shifting here. The sanctions order does not change the fact that (1) the burden is on Dewbre to establish a statutory exception, and (2) any defendant other than Maharashtra may introduce evidence indicating that the statutory exceptions do not apply. The sanctions order merely provides, as authorized by rule, that Dewbre may introduce the deemed interrogatory answers and admissions as evidence at trial. *See id.* It will then be the jury's responsibility to weigh those deemed responses along with the other evidence presented at trial. It is true that, without the sanctions order, Dewbre would likely not have any evidence indicating that Maharashtra is insolvent, and Atlas would therefore not need to present any rebuttal evidence denying the applicability of the insolvency exception. However, the deemed interrogatory answers and admissions are as probative as any other piece of evidence, and there is no reason that such deemed discovery responses cannot be utilized by Dewbre to meet its statutorily-mandated burden. To hold otherwise would unjustly deprive Dewbre of the ability to invoke the section 82.003 exception—ensuring that Atlas cannot be held liable as a non-manufacturing seller—based solely on the fact that Maharashtra failed to answer the propounded discovery requests.

For the foregoing reasons, we conclude that the trial court did not abuse its discretion by rendering the September 10, 2009 sanctions order. Atlas's petition for writ of mandamus and motion for temporary relief are therefore DENIED.

_____
DORI CONTRERAS GARZA,
Justice

Opinion delivered and filed this
the 18th day of September, 2009.

4