

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-08-00207-CV

MANCHESTER TANK & EQUIPMENT COMPANY,
                                                    Appellant
 v.

ENGINEERED CONTROLS INTERNATIONAL, INC.,
                                                    Appellee

———————————

From the 87th District Court
Freestone County, Texas
Trial Court No. 05-127-B

———————————

## OPINION

———————————

Manchester Tank & Equipment Company appeals the denial of its claim for indemnification pursuant to Texas Civil Practice and Remedies Code Chapter 82. TEX. CIV. PRAC. & REM. CODE ANN. Ch. 82 (Vernon 2005). Manchester also complains that the trial court erred in its determination that both Manchester and ECI owed each other the duty of indemnification, therefore offsetting their obligations to each other. After a bench trial, the trial court found that each party took nothing regarding their indemnity claims. Because we find that both parties were entitled to indemnification from the other and therefore offsetting these duties was correct, we affirm the judgment of the trial court.

This indemnity action resulted from a products liability suit filed after an explosion of an LP-gas cylinder that killed two people and severely burned four others. The suit was brought against the manufacturer of both the cylinder, Manchester, and the valve assembly, ECI. Manchester settled its claims with the plaintiffs prior to trial, and after a mistrial was declared due to a hung jury between the claimants and ECI, ECI settled its claims with the plaintiffs for an additional amount. Manchester filed this separate litigation against ECI seeking indemnification for the settlement proceeds and other costs, including the costs of pursuing its indemnity claim. ECI subsequently filed a counterclaim against Manchester seeking indemnification which it contended should be offset against any potential indemnification they might owe to Manchester.

In *General Motors Corp. v. Hudiburg Chevrolet, Inc*., the Texas Supreme Court has indicated that the duty of indemnification could be offset in claims against component-product manufacturers and final-product manufacturers as follows:

> [T]he manufacturer of a component product alleged by a claimant to be defective has a duty to indemnify an innocent seller/-manufacturer of a finished product which incorporates the component from loss arising out of a products liability action related to the alleged defect, but the manufacturer of an allegedly defective finished product has a duty to indemnify the innocent seller/manufacturer of a component product for the same loss. If neither the component-product manufacturer nor the finished-product manufacturer is innocent, depending not on allegations but on proof, both indemnity claims under the statute will fail. If both are innocent, again depending on proof, the indemnity claims offset each other.

*General Motors Corp. v. Hudiburg Chevrolet, Inc*., 199 S.W.3d 249, 256-57 (Tex. 2006).

Chapter 82 of the Texas Civil Practice and Remedies Code limits a seller's liability unless they also qualify as a manufacturer or may be sued in lieu of a manufacturer. TEX. CIV. PRAC. & REM. CODE ANN. §§ 82.001(4) & 82.003 (Vernon 2005).

"Manufacturer," as defined in section 82.001(4), includes a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce. *Id*. at § 82.001(4).

Chapter 82 of the Texas Civil Practice and Remedies Code was added by the legislature to protect innocent sellers from products liability suits unless they had significantly and intentionally participated in the design or production of the product. Section 82.001(3) defines "seller" as an entity that distributes or places a product into the stream of commerce for commercial purposes. TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3) (Vernon 2005). There is no question that Manchester is a seller as defined by section 82.001(3).

However, by their very definitions, all manufacturers are also sellers, but not all sellers are manufacturers. *Hudiburg*, 199 S.W.3d at 256. Manchester does not dispute that it is a manufacturer generally, but argues that it is not a manufacturer as to ECI. However, nothing in the language of Chapter 82 precludes a final-product manufacturer from having a duty to its component-product manufacturers for indemnity, and in fact the Texas Supreme Court's holding in *Hudiburg* expressly indicates such a duty is permissible. *Hudiburg*, 199 S.W.3d at 262.

The duty to indemnify is triggered by the injured claimant's pleadings. The duty to indemnify is imposed only on the manufacturer of a product claimed in a petition or complaint to be defective. *Hudiburg*, 199 S.W.3d at 255. The original petition filed by the claimants avers that both the cylinder and the valve were defective and asserts separate claims alleging defectiveness against both Manchester as to the cylinder and

ECI as to the valve, which would trigger the duty to indemnify as to both ECI and Manchester.

The only exception to the duty to indemnify is found in Section 82.002(a) which states that a manufacturer must indemnify a seller "except for any loss caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable." TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a) (Vernon 2005).

The burden of proof to determine whether a seller is independently liable is on the party seeking to avoid the duty to indemnify, in this situation, Manchester. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W. 3d 86, 90-91 (Tex. 2001). This requires more than allegations in pleadings, but requires proof. *Hudiburg*, 199 S.W.3d at 255-56; *Meritor*, 44 S.W.3d at 91. At the trial on the merits of the indemnification claim, Manchester did not offer proof that ECI was negligent, committed intentional misconduct, or committed any other act or omission for which it was independently liable as required to avoid the duty of indemnification. In fact, Manchester at all times agreed that the valve sold by ECI was not defective and continued to use that same valve in its cylinders after this incident.

Likewise, there was no proof offered by ECI that Manchester was negligent, committed intentional misconduct, or committed any other act or omission for which it was independently liable. The parties stipulated that the cylinder was not defective in its design.

The proof given as required in *Hudiburg* established that neither the cylinder nor the valve were defective. As such, if the proof establishes that both parties are innocent

manufacturers/sellers, as here, then offsetting indemnity is appropriate. *Hudiburg*, 199 S.W.3d at 257. We overrule Manchester's first issue. Because we have found that offsetting indemnification is appropriate in these circumstances, it is not necessary to address the constitutionality of the indemnification statutes. Therefore, we need not address Manchester's second issue that the indemnity statute is constitutional as applied to ECI.

*Conclusion*

We find that Manchester was entitled to indemnification from ECI. We also find that ECI was entitled to indemnification from Manchester. We find that the trial court did not err by offsetting these obligations and entering its take-nothing judgment. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed December 30, 2009
[CV06]