

# NUMBER 13-17-00349-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

INTERNATIONAL INSURANCE
COMPANY OF HANNOVER SE
AS SUBROGEE TO ASSOCIATION
OF UNITED STATES POSTAL
LESSORS,                                                    **Appellant,**

**v.**

WAL-MART STORES, INC.,
WAL-MART STORES TEXAS, L.P.,
AND WAL-MART ASSOCIATES, INC.,                              **Appellees.**

### On appeal from the 105th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant International Insurance Company of Hannover SE as subrogee to

Association of United States Postal Lessors (Hannover) appeals a summary judgment dismissing its products liability claims against Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LP, and Wal-Mart Associates, Inc. (Wal-Mart). By one issue, Hannover argues that the trial court erred in granting Wal-Mart's no-evidence motion for summary judgment because it presented more than a scintilla of evidence that: (1) Wal-Mart sold a defective space heater; and (2) established an exception to Wal-Mart's statutory protection as an innocent seller. We affirm.

## I. BACKGROUND

A fire caused damage to a United States Post Office located in Corpus Christi, Texas. Hannover, the insurer for the property, paid $1,675,388.31 for damages to the post office. After an investigation revealed that a malfunctioning space heater might have started the fire, Hannover filed a subrogation suit against Wal-Mart,[1] alleging causes of action for products liability and negligence.

Wal-Mart filed a no-evidence motion for summary judgment, asserting that there was no evidence it sold the heater. In the alternative, Wal-Mart maintained that it was shielded from liability as an innocent seller pursuant to Texas Civil Practices and Remedies Code section 82.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (West, Westlaw through 2017 1st C.S.). Wal-Mart also argued that there was no evidence that the heater was the proximate cause of the fire.

Hannover filed a response supported by the following evidence: the affidavit of its expert Dennis Rasco; the deposition of postal employee Thelma Medina who

---

[1] Hannover also sued Aloha Housewares, Inc., Forta Electronics Co., Staples Inc., and Staples the Office Superstore, LLC. They are not parties to this appeal.

purchased the heater; a research report prepared by Diversified Product Inspections, LLC (DPI); recall notices from the United States Consumer Product Safety Commission (CPSC); a Texas Secretary of State website print-out pertaining to Aloha Housewares, Inc. (Aloha); and the affidavit of Katy Ohlsson.

In his affidavit, Rasco, an electrical engineer, opined that the heater caused the post office fire. Rasco examined the heater and discovered that a contact arm of the electrical component was bent and distorted. He concluded that the design of the heater presented an unreasonable danger due to "[t]he failure of the electrical component" and "[t]he CPSC recall instructing consumers to immediately stop using the recalled heater[.]" Rasco did not offer any opinion concerning the identity of the heater, instead referencing the conclusions of the DPI report.

DPI prepared a report comparing the damaged heater to an exemplar, which was branded as a "FlowPro" heater. DPI "determined that each heater was manufactured and/or distributed by the same company." DPI, however, was unable to determine the damaged heater's model number, serial number, or date of manufacture "[d]ue to the lack of product markings[.]" DPI stated that there was a CPSC product recall for heaters "with an identical or nearly identical design as [the damaged heater.]" The DPI report labels Aloha as a "manufacturer and/or distributor." Attached to the report was a CPSC product recall notice for FlowPro heaters. The recall notice referenced an unidentified Chinese manufacturer. Also attached to the report was a document identifying Aloha as the registrant of the trademark FlowPro. Hannover attached additional CPSC recall notices identifying Aloha as the "Importer/Distributor" of heaters manufactured by an unidentified

3

Chinese company and sold at Wal-Mart stores.

In her deposition testimony, Medina testified that she could not remember where or when she purchased the heater. In her affidavit, Ohlsson detailed her efforts on behalf of Hannover to access records from the United States Postal Service under the Freedom of Information Act.

Following a hearing, the trial court granted Wal-Mart's no-evidence motion for summary judgment. This appeal followed.

## II. DISCUSSION

By its sole issue, Hannover argues that "more than a scintilla of evidence exists that Wal-Mart is liable[.]"

### A. Standard of Review

After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). A motion for no-evidence summary judgment is equivalent to a motion for pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Nalle Plastics Fam. Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied). Such a motion should be granted if there is no evidence of at least one essential element of the claimant's cause of action. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

All that is required of the non-movant is to produce a scintilla of probative evidence

4

to raise a genuine issue of material fact on the challenged element. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.* More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *Id.* In determining whether the non-movant has produced more than a scintilla of evidence, we review the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Nalle Plastics*, 406 S.W.3d at 199.

## B. Applicable Law

Chapter 82 of the Texas Civil Practice and Remedies Code was added by the legislature to protect sellers from products liability suits unless they significantly and intentionally participated in the design or production of the product. *Manchester Tank & Equip. Co. v. Engineered Controls Int'l, Inc.*, 311 S.W.3d 573, 575 (Tex. App.—Waco 2009, pet. denied). The purpose of the statute is to protect innocent sellers by assigning responsibility for the burden of products-liability litigation to product manufacturers. *Petrol. Sols., Inc. v. Head*, 454 S.W.3d 482, 494 (Tex. 2014). Section 82.001(3) defines "seller" as an entity that distributes or places a product into the stream of commerce for commercial purposes. TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3) (West, Westlaw through 2017 1st C.S.). A "manufacturer" is defined as "any person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or

5

any component part thereof in the stream of commerce." *See id.* § 82.001(4). A products liability action includes:

> any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

*Id.* § 82.001(2).

Under chapter 82, a non-manufacturing seller is not liable for harm caused by a product unless one of seven exceptions is established. *Id.* § 82.003(a). The only exception relied on by Hannover in its summary judgment response states that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves . . . that the manufacturer of the product is . . . insolvent." *Id.* § 82.003(a)(7)(A).[2] A plaintiff bringing a products liability claim against a non-manufacturing seller has the burden to establish an exception to the seller's statutory protection. *See id.* § 82.003(a); *In re Atlas Tubular, LP*, 296 S.W.3d 363, 365 (Tex. App.—Corpus Christi 2009, orig. proceeding); *see also Howard v. Wal-Mart*, No. 10-09-00246-CV, 2010 WL 3784918, at *3–4 (Tex. App.—Waco Sept. 29, 2010, no pet.) (mem. op.) (holding that the trial court properly granted seller's no-evidence summary judgment motion where plaintiff presented no evidence regarding the application of a statutory exception); *Dennis v. Giles Grp., Inc.*, No. 04-07-00280-CV, 2008 WL 183062, at *6 (Tex. App.—San Antonio Jan. 23, 2008, no pet.) (mem. op.) (reviewing whether plaintiff

---

[2] Section 82.003 provides for six other exceptions to a seller's statutory protection, which are not relevant to this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a) (West, Westlaw through 2017 1st C.S.).

presented evidence of an exception to seller's statutory protection in response to no-evidence summary judgment motion).

**C.    Analysis**

The parties do not dispute, and we agree, that Hannover's claims constitute a products liability action subject to chapter 82 the civil practice and remedies code.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(2).   Therefore, to overcome Wal-Mart's no-evidence summary judgment motion, Hannover was required to present evidence that Wal-Mart sold the allegedly defective heater and establish an exception to chapter 82's seller protection.   *See id.* § 82.003(a); *In re Atlas Tubular, LP*, 296 S.W.3d at 365. Assuming that there is more than a scintilla of evidence that Wal-Mart sold the heater, we conclude that Hannover failed to present evidence that would obviate Wal-Mart's status as an innocent seller.

In its response to Wal-Mart's no-evidence summary judgment motion, Hannover presented evidence which it contended established that the manufacturer was insolvent. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(7)(A).   However, Hannover's summary judgment evidence identifies only the distributor of the heater.   DPI concluded in its report that the damaged heater was nearly identical to FlowPro heaters sold exclusively at Wal-Mart.   Hannover relies on the CPSC recall notices and trademark registration attached to the DPI report to establish that Aloha, a Texas corporation, was the owner of the FlowPro trademark.   Hannover also relies on the forfeiture of Aloha's corporate charter as evidence that it is insolvent.   This evidence fails to establish that Aloha was also the manufacturer of the heater.   To the contrary, the recall notices

7

establish only that Aloha imported and distributed the FlowPro heaters, which were manufactured by an unidentified Chinese company. Hannover appears to confuse the statutory definition of "seller," which includes a distributor such as Aloha, and "manufacturer," which includes those entities that participate in the design, formulation, construction, rebuilding, fabrication, compounding, processing, or assembling of a product. *See id.* § 82.001(3)–(4); *see also Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.,* 199 S.W.3d 249, 256 (Tex. 2006) (explaining that "all manufacturers are also sellers, but not all sellers are manufacturers"). There is no evidence that Aloha engaged in any manufacturing activity concerning the FlowPro heaters.

Because there is no evidence identifying the manufacturer of the heater or indicating whether that manufacturer is insolvent, Hannover has failed to overcome Wal-Mart's statutory protection as an innocent seller. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003. We conclude that the trial court did not err in granting Wal-Mart's no-evidence summary judgment motion on this basis. We overrule Hannover's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
2nd day of August, 2018.

8