Guadalupe MUNOZ, et al., Petitioners,

v.

GULF OIL COMPANY, et al.,
Respondents.

No. C–3279.

Supreme Court of Texas.

Dec. 5, 1984.

Rehearing Denied July 17, 1985.

Small, Craig & Werkenthin, Dennis R. Reese, Austin, Weir & Alvarado, Warren N. Weir, San Antonio, for petitioners.

Sewell & Riggs, Gordon A. Holloway and Barry Abrams, Taylor, Hays, Price, McConn & Pickering, Michael S. Hays and Susan E. Crowley, Weitinger, Steelhammer & Tucker, Don Weitinger and Michael Hendryx, E.H. Brown and Eugene C. Marshall, Houston, Kenneth Heady and C.J. Roberts, Bartlesville, Okl., McLeod, Alexander, Powell & Apffel, Fredrick J. Bradford and Otto D. Hewitt, III, Galveston, for respondents.

PER CURIAM.

Guadalupe Munoz sued the following oil and gas companies to recover for personal injuries sustained in an explosion: Amoco Production Company, Amoco Gas Company, Amoco Oil Company, Amerada Hess Corporation, Bonds Oil Company, Diamond Shamrock Oil Company, Farmland Industries, Inc., Gulf Oil Company, Warren Petroleum Company, Phillips Petroleum Company, Enterprise Products Company and Wylie L.P. Gas, Inc. The trial court granted pleas of privilege to Farmland Industries, Inc., Diamond Shamrock Oil Company, Bonds Oil Company, and Wylie L.P. Gas, Inc. The court of appeals affirmed the trial court judgment. *Munoz v. Farmland Industries, Inc.*, 603 S.W.2d 225 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ dism'd).

Munoz proceeded with his suit against the remaining defendants. He alleged causes of action on negligence, products liability, breach of warranty, and the Deceptive Trade Practices Act. In July 1982, the trial court granted summary judgment for Amoco Production Company, and Amoco Oil Company, Amerada Hess Corporation, Gulf Oil Company, Warren Petroleum Company, Phillips Petroleum Company and Enterprise Products Company. The court of appeals, in an unpublished opinion, affirmed the judgment of the trial court.

■ Munoz contends the statement of facts from the plea of privilege hearing raises a fact issue precluding summary judgment for all the oil and gas companies. However, the statement of facts was never presented to nor considered by the trial court in ruling on the motion for summary judgment. If there is no file mark on a statement of facts or any other indication it was considered by the trial court at the time the motion for summary judgment was sustained, it may not be considered on appeal. *Richman Trusts v. Kutner,* 504 S.W.2d 539 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.).

■ Summary judgment is proper only if the movant conclusively proves "all the essential elements of his cause of action or defense as a matter of law." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Enterprise Products' affidavit in support of summary judgment conclusively proved Enterprise Products' defense to all theories of recovery alleged by Munoz. The summary judgment for Enterprise Products was proper. However, the other six defendants failed to file any supporting affidavits or other evidence to support their motions for summary judgment. Therefore, they failed to establish their defense to Munoz' causes of action as a matter of law and the trial court erred in granting summary judgment for those defendants.

We, therefore, grant the application for writ of error and, without hearing oral argument, reverse the granting of summary judgments for Amoco Production Company, Amoco Oil Company, Amerada Hess Corporation, Gulf Oil Company, Warren Petroleum Company, Phillips Petroleum Company and remand the cause against these defendants to the trial court for trial on the merits. Tex.R.Civ.P. 483. We affirm the summary judgment for Enterprise Products.

### MOTION FOR REHEARING

After this court reversed the judgment of the court of appeals in a per curiam opinion, Gulf Oil and other respondents filed a Motion to Supplement the record with depositions. The oil companies alleged the district clerk failed to include the depositions in the record. This court granted permission to supplement the record with depositions on file at the time of the summary judgment hearing. After reviewing the depositions, we overrule all Motions for Rehearing.