**Guadalupe MUNOZ, et al., Appellants,**

v.

**GULF OIL COMPANY, et al., Appellees.**

**No. C14–86–378–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 14, 1987.

Rehearing Denied June 11, 1987.

Warren Weir, San Antonio, Charles Herring, Jr., Houston, for appellants.

W. James Kronzer, Michael Hendryx, Eugene C. Marshall, Houston, Frederick J. Bradford, Galveston, Michael S. Hays, Houston, Otto D. Hewitt, III, Galveston, for appellees.

Before SEARS, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a summary judgment granted in favor of appellees Gulf Oil Company, Warren Petroleum Company, Amerada Hess Corporation, Phillips Petroleum Corporation, Amoco Oil Company, and Amoco Production Company. We affirm.

Appellants, Guadalupe Munoz and his employer's compensation carrier, American General Insurance Company, sued twelve defendants, including the appellees, to recover for personal injuries sustained in an explosion. The trial court granted pleas of privilege to four defendants and this court affirmed. *Munoz v. Farmland Industries, Inc.*, 603 S.W.2d 225 (Tex.Civ.App.— Houston [14th Dist.] 1980, writ dism'd). Munoz proceeded with his suit against the remaining defendants, alleging actions in negligence and products liability, breach of warranty, and violations of the Deceptive Trade Practices Act. In July 1982, the trial court granted summary judgment for all defendants. This court, in an unpublished opinion, affirmed the judgment of the trial court. On Munoz' petition for writ of error, the Supreme Court of Texas affirmed the grant of summary judgment as to one defendant, Enterprise Products, but reversed the grant of summary judgment as to the other defendants. *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372 (Tex.1985). The court held the affidavit in support of summary judgment offered by Enterprise conclusively proved its defense to all theories of recovery alleged by Munoz. However, because the other defendants, the appellees herein, failed to file any affidavits or other evidence to support their motions for summary judgment, judgment as to them was reversed.

Upon remand to the trial court, the appellees filed new motions for summary judgment supported by affidavits and other summary judgment evidence. In March 1986, the trial court granted summary judgment in favor of the appellees. It is from this judgment that appellants bring the present appeal.

Each of the appellees were part of one of two chains of distribution of the propane gas purchased by Munoz' employer, Acuff Co-op. Amerada Hess sold propane gas to Enterprise and the Amoco Companies sold to Warren, an unincorporated division of Gulf Oil. Both Enterprise and Warren then each sold the propane gas to three other oil companies before the propane reached Acuff. The other oil companies in the two chains were former defendants and are not part of this appeal. Propane is normally odorized by mixing it with ethyl mercaptan as a warning that the otherwise odorless gas is present. Phillips Petroleum manufactured the ethyl mercaptan used to malodorize propane gas in the Amoco Companies' chain of distribution.

Guadalupe Munoz' injuries occurred while he was working in the bottom of a hole seventeen feet deep. Munoz and a fellow employee had been working ten hours a day for three weeks to dig the hole inside a pellet house, a building too small to accommodate heavy equipment. When Munoz paused to light a cigarette, an explosion and fire erupted. Flames reached to the top of the pellet house and Munoz suffered severe burns. After the fire and accident, the fire marshall determined that a large concentration of propane gas was present in the hole, but there was no odor of gas in or around it. Acuff Co-op later discovered that a leak had developed in its underground pipe system carrying the propane gas. The heavier-than-air gas had seeped through the ground and had collected in the pit. Appellants contend that the malodorant in the gas had been filtered out by its passage through alkaline soil.

■ The summary judgment evidence presently before the court encompasses more than that reviewed by the Supreme Court in the previous appeal. Plaintiffs as well as defendants were educated by the first experience. When the second round of motions for summary judgment were filed, Munoz responded with the sworn affidavit of his expert, Ray Staebel. Munoz also filed with the trial court the statement of facts from the plea of privilege hearing. The threshold question for our determination is whether the statement of facts from that proceeding can be considered in this appeal. In *Munoz v. Gulf Oil Co.*, the Supreme Court said, "If there is no file mark on a statement of facts or any other indication it was considered by the trial court at the time the motion for summary judgment was sustained, it may not be considered on appeal." 693 S.W.2d at 373. The statement of facts now bears the file mark of the trial court, and the order granting summary judgment recites that the entire record on file was considered. Nevertheless, appellees Gulf and Warren argue that since they were not parties to the plea of privilege hearing, they had no opportunity to cross-examine the witnesses and, therefore, the statement of facts is hearsay as to them. We do not accept appellees' premise. The testimony at the hearing was given under oath just as was that in each of the affidavits upon which appellees rely. Each deposition, excerpts of which were read into the record at the hearing, is also on file in its entirety with proof that each of the deponents was duly sworn. We find that the statement of facts from the plea of privilege hearing is properly before us and it will be considered as a part of the summary judgment proof.

■ In each of eight points of error, the appellants contend that the trial court erred in granting summary judgment because the defendants failed to establish that there were no genuine issues as to any material fact. Despite the manner in which appellants have framed their points of error, the issue before the appellate court is not whether the summary judgment proof raises fact questions essential to plaintiffs' claims; the principal issue before this court is whether the defendants met their burden of showing that as a matter of law the plaintiffs have no cause of action against them. Summary judgment granted to a defendant will be affirmed if the defendant-movant has conclusively proved all the essential elements of his defense as a matter of law. *Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex. 1985). The burden is on the movant to negate the existence of at least one material element of the plaintiff's case. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

In their Fifth Amended Original Petition, the appellants allege Phillips Petroleum negligently manufactured, or alternatively, defectively manufactured, ethyl mercaptan. They further allege that the other defendant oil companies: (1) negligently manufactured and distributed propane; (2) manufactured and distributed defective propane; and (3) failed to warn adequately of the dangers involved and/or failed to instruct intended users concerning the proper handling and care of propane. Claims of breach of warranties of merchantibility and fitness and violations of the Deceptive Trade Practices Act are alleged against all defendants.

■ To establish a breach of warranty claim, a plaintiff must prove the existence of a warranty and that the breach thereof caused the plaintiff's injuries. The summary judgment proof shows that the appellees were contractually obligated to malodorize the propane they sold. The specific technical requirements created express warranties. Express warranties displace inconsistent implied warranties. Tex.Bus.Com. Code Ann. § 2.317(3). Affidavits presented by each of the appellees conclusively prove that ethyl mercaptan is the best malodorant available and that the propane had been injected with a greater quantity of ethyl mercaptan than contractually required. The evidence also reflects that when the propane in the gas line was sampled after the accident, it still contained the usual amount of malodorant. The uncontroverted evidence establishes as a matter of law that both products, propane and ethyl mercaptan, were fit for ordinary purposes and complied with all warranties. Therefore, we find that summary judgment was correctly granted to all appellees with respect to the appellants' claims of breach of warranty.

■ The evidence recited above also effectively negates portions of appellants' theories of negligence and strict product liability. Appellees' summary judgment proof refutes any contention that either the propane or the malodorant were negligently or defectively manufactured so as to be in and of themselves unreasonably dangerous. It does not, however, negate appellants' contention that the defendants each had a duty to warn the ultimate consumer that propane will lose its malodorant if it passes through alkaline soil (a process called "scrubbing"). Appellants allege that defendants were negligent in failing to perform the duty adequately and that the failure to warn constitutes a product defect. Under products liability law the lack of adequate warnings will render a product defective or unreasonably dangerous. Restatement (Second) of Torts § 402A (1965), adopted as the law of Texas in *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex. 1967). Liability of a seller has been extended by the Texas courts to cover non-de-fective products placed in the flow of commerce without adequate warnings of their dangerous propensities or without adequate instruction for their safe use. *See Magro v. Ragsdale Brothers, Inc.*, 721 S.W.2d 832 (Tex.1986); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 591 (Tex. 1986).

Appellants' summary judgment proof included the affidavit of Ray Staebel, a chemical engineer. He stated, "[S]ound safety principles require that the consumer be made aware of the propensity of propane to lose its odor through the process of scrubbing. The following warnings ... should be given: (1) that propane can lose its odor (ethyl mercaptan) as propane leaks through soil; (2) that the pipe carrying propane should be coated to protect against corrosion and leakage; and (3) that pipes carrying propane should be tested periodically." Further proof was offered in the testimony of James Flanigan, a mechanical engineer, who testified that the refiner of propane is aware of this dangerous propensity but the typical consumer is not; the refiner "is supposed to make sure that the warning to inspect the installation goes with or down the line." Such testimony, appellants contend, raises an issue of material fact as to the adequacy of the warning given by the defendants.

■ The adequacy of a warning is a question of fact to be determined by the jury. *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 592 (Tex.1986). However, the determination that a duty to warn exists in a given situation is a question of law for the court. *Id.* at 595. The issue in a negligent failure to warn case becomes whether a reasonably prudent person in the position of the defendants would warn of all hazards associated with the products.

Appellees contend that the duty to warn is subject to an exception for bulk sellers who, like the defendants, deal only with other sophisticated, commercial buyers with equal knowledge of the potential dangers and who, like defendants, have no means of identifying or communicating with the ultimate consumer, in this in-

stance, Acuff Co-op. Just such an exception has been accepted by the Supreme Court of Kansas in a factually identical case. *Jones v. Hittle Service, Inc.,* 219 Kan. 627, 549 P.2d 1383 (1976). The *Jones* case also involved a leaking pipe, the accumulation of previously odorized propane gas in a storm cellar, an explosion and serious injuries. The plaintiff sued both the retailer and all who supplied bulk propane to the retailer. Plaintiffs' expert testified that additional warnings should have been given. In reaching its decision the Kansas court distinguished the bulk sale from the packaged product: ordinary prudence would require a manufacturer to put his warning on a package where it would be available to all who handle it, but the bulk wholesaler has no way of telling who the ultimate purchaser might be and has no package on which to relate his warning. In affirming the grant of summary judgment of the defendants, the court held:

> [A] manufacturer of [propane] gas who sells it to a distributor in bulk fulfills his duty to the ultimate consumer when he ascertains that the distributor to whom he sells is adequately trained, is familiar with the properties of the [product] and safe methods of handling it, and is capable of passing on his knowledge to his customers. A manufacturer so selling owes no duty to warn the ultimate consumer, and his failure to do so is not negligence and does not render the product defective.

*Jones,* 549 P.2d at 1394.

The Dallas Court of Appeals recognized the distinction between bulk and packaged sales in *Kahn v. Velsicol Chemical Corp.,* 711 S.W.2d 310 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). In agreeing with the holding of the Kansas Supreme Court in *Jones,* the Dallas court emphasized that the bulk seller fulfills his duty to warn only when he has ascertained that its buyer is adequately trained so as to be aware of the dangers inherent in the product and its use. We agree.

In any situation in which there is a duty to warn, the warning is required in order to impart special knowledge. If that special knowledge already exists, further information is not necessary. *Jones,* 549 P.2d at 1393. The appellants' own expert, Flanigan, qualified his original testimony that everyone should "pass along" the warning, stating that only "unexpert" persons need the warning. The summary judgment proof established that each of the appellees sold to a sophisticated, commercial distributor who possessed the same knowledge as the seller. Even Acuff Co-op was a licensed propane gas handler, on notice of the Texas Railroad Commission regulation that pipes carrying propane must be protected against corrosion.

We, therefore, hold that as a matter of law each of the appellees satisfied its duty to warn in adding the malodorant to the propane and in selling the propane to a sophisticated, commercial buyer. There being no further duty to warn, there can be no material fact issue regarding the adequacy of the warning given. Appellants' points of error one through seven are overruled.

This court has twice ruled that Munoz was not a consumer of goods and services, once in *Munoz v. Farmland Industries,* 603 S.W.2d at 228, and again in our unpublished opinion, subsequently affirmed in part by the Supreme Court in *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372. We will not disturb that finding. Appellants cannot establish a cause of action under the Deceptive Trade Practices Act. Point of error eight is overruled.

Appellees have met their burden of showing that as a matter of law the appellants have no cause of action against them. We affirm the judgment of the trial court with respect to each appellee.