Johnny Ray ROMO, Plaintiff,

v.

FORD MOTOR COMPANY, Wal–Mart Stores, Inc., Uniroyal Tire Company, and Michelin North America, Inc., Defendants.

Civil Action No. B–10–66.

United States District Court, S.D.Tex., Brownsville Division.

June 24, 2011.

Savannah L. Robinson, Attorney at Law, Danbury, TX, for Plaintiff.

Thomas M. Bullion, III, Germer Gertz et al., Austin, TX, C. Thomas Valentine, Daw & Ray PC, Houston, TX, Jaime A. Drabek, Daw Ray LLP, Harlingen, TX, for Defendants.

### ORDER

HILDA G. TAGLE, District Judge.

BE IT REMEMBERED, that on June 24, the Court **DENIED** Defendant Michelin North America's ("MNA") Motion to Dismiss and Motion for Sanctions, Dkt. No. 43, **GRANTED** MNA's Motion for Summary Judgment, Dkt. No. 52, **GRANTED** Defendant. Wal–Mart Stores Texas, LLC's ("Wal–Mart") Motion for Summary Judgment, Dkt. No. 55, and **DENIED AS MOOT** MNA and Wal–Mart's Opposed Motion for Order Directing Plaintiff to Pay Reasonable Experts' Fees in Connection with any Depositions of MNA and Wal–Mart's Experts, Dkt. No. 53.

On or about March 10, 2008, Plaintiff was driving his employer's 2005 Ford Ranger. The tires had recently been replaced with Uniroyal Tires sold by a Wal–Mart store. Dkt. No. 1 at 2–3. According to Plaintiff's deposition, he heard a loud pop, experienced what he believed was a tire failure in part because he perceived the vehicle move to the left, believed he saw a vehicle coming head on with his vehicle and thus "jerked [the Ford Ranger] to the right." Deposition of Johnny Ray Romo, 50:23–53:16, Dkt. No. 44, Ex. A–2. At that point, Plaintiff stated that he lay down in the seat because he was not wearing a seatbelt. *Id.* The vehicle rolled over and Plaintiff was thrown from it suffering an injury to his knee requiring surgery. Dkt. No. 1 at 3.

On March 10, 2010, Plaintiff filed his complaint and named Wal–Mart and MNA as defendants without differentiating between his claims against them. Plaintiff asserts that Wal–Mart and MNA should be held strictly liable for designing, manufacturing and/or marketing a tire that was defective. Dkt. No. 1 at 4. Plaintiff asserts Wal–Mart and MNA were negligent for (1) failing to warn of the dangers and defects associated with the tire; (2) placing an unreasonably dangerous tire into the stream of commerce; (3) failing to design the tire without adequate safety features and without a sufficient proportion of adequate antioxidant and antidegradants; (4) negligently servicing the vehicle; and (5) failing to properly inspect and test the tire. *Id.* at 4–5.

On April 9, 2010, Defendant Ford Motor Company ("Ford") removed the above-named action to this Court from the 197th Judicial District Court of Willacy County. Dkt. No. 1. The current Scheduling Order was entered on August 25, 2010, and required Plaintiff to disclose his expert witness list with expert reports by April 1, 2011. Dkt. No. 24. Plaintiff failed to disclose any experts. On April 5, 2011, MNA filed its Motion to Dismiss and Motion for Sanctions asserting that Plaintiff's complaint is groundless and that, despite MNA's request, Plaintiff refused to dismiss his claims against MNA. Dkt. No. 43. On April 11, 2011, Plaintiff filed his Response. Dkt. No. 45. On May 5, 2011, MNA filed its Motion for Summary Judgment requesting that the Court first rule on its Motion to Dismiss and, alternatively, its Motion for Summary Judgment. Dkt. No. 52. On May 16, 2011, MNA and Wal-Mart filed their Motion for Order Directing Plaintiff to Pay Reasonable Expert Fees in Connection with any Depositions of MNA's Experts. Dkt. No. 53. On May 31, 2011, Wal-Mart filed its Motion for Summary Judgment, Dkt. No. 55.

## I. MNA's Motion to Dismiss and Motion for Sanctions

In its Motion to Dismiss, MNA argues that Plaintiff's claims against MNA are "completely groundless." Dkt. No. 43 at 2. MNA does not cite any case law or the Federal Rule of Civil Procedure under which it seeks dismissal. MNA argues that after its expert examined the tire, the "consulting expert found clear evidence that the subject tire did not fail prior to the accident at issue" and MNA concluded that "it is obvious that the damage to the accident tire was caused by the accident itself." *Id.* at 1–2. MNA included photographs of the accident tire to support its

motion. *Id.*, Ex. A. MNA states that it provided Plaintiff with these photographs on February 12, 2011, and "requested that plaintiff dismiss his claims and that, if he did not do so within two weeks, MNA would seek sanctions." *Id.* at 2. MNA requests sanctions under Federal Rule of Civil Procedure 11(b) asserting that Plaintiff's complaint constitutes a representation to the Court that the factual contentions have evidentiary support. *Id.* at 2–3. MNA argues that because it provided Plaintiff's counsel with photographs showing that the damage to the tire was caused by the accident rather than by a defect, Plaintiff's counsel knew that the claims against MNA lacked evidentiary support but refused to dismiss them. *Id.* at 3. MNA requests attorneys' fees and expenses, including expert witness fees, incurred since February 12, 2011. *Id.*

Plaintiff responded that MNA was not seeking a dismissal under any rule of the Federal Rules of Civil Procedure and that the proper motion would be one for summary judgment. Dkt. No. 45 at 1–2. Plaintiff further argues that summary judgment is not appropriate because the photographs of the tire do not explain how the damage to the tire would be attributed to damage either before the accident—due to a defect—or after the accident—due to the accident itself. *Id.* at 2. Plaintiff therefore argues that there are genuine issues of material fact. *Id.*

Although MNA does not state on which rule of the Federal Rules of Civil Procedure its motion is based, it states that Plaintiff's complaint is "completely groundless." From this, the Court understands that MNA is moving to dismiss the complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1] MNA has

---

**1.** MNA raised a failure to state a claim defense in its original answer and thus is not

presented evidence, in the form of photographs of the accident tire, to support its motion. Pursuant to Rule 12(d), the Court must either exclude the photographs or treat the motion as one for summary judgment. Fed.R.Civ.P. 12(d). MNA made clear in its Motion for Summary Judgment that it intended its Motion to Dismiss not to be treated as a Motion for Summary Judgment. To the extent that MNA wishes the photographs to be used solely in support of its Motion for Sanctions, the Court notes that pursuant to Rule 11(c), a Motion for Sanctions must be filed separately from any other motion. Fed. R.Civ.P. 11(c). MNA combined its Motion for Sanctions with its Motion to Dismiss. Therefore, the Court **DENIES** MNA's Motion for Sanctions and **EXCLUDES** the photographs from the Motion to Dismiss.

▆▆▆ A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is "viewed with disfavor and is rarely granted." *Kennedy v. Tangipahoa Parish Library Bd. of Control,* 224 F.3d 359, 365 (5th Cir.2000); *Lowrey v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997) (quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir.1982)). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996); *see also Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Baton Rouge Bldg. & Constr. Trades Council AFL–CIO v. Ja-*

cobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir.1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995) (citation omitted).

▆▆▆ The Court finds that Plaintiff's complaint survives a motion to dismiss for failure to state a claim. Under Supreme Court precedent, a motion to dismiss should not be granted if a complaint provides "enough facts to state a claim to relief that is plausible on its face." *MySpace, Inc.,* 528 F.3d at 418 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. 1937, 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

▆▆▆ Assuming the facts alleged by Plaintiff in his complaint are true, the Court finds the claim that MNA is liable for Plaintiff's accident under theories of products liability or negligence regarding the manufacturing, design, and warning of the accident tire is plausible. Plaintiff's complaint states the facts on which his claim is based and those facts support a reasonable inference that MNA is liable for Plaintiff's damage.

barred from offering a post-answer motion to dismiss on this ground.

## II. Motions for Summary Judgment

■■■ Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the Court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Piazza's Seafood World, LLC v. Odom,* 448 F.3d 744, 752 (5th Cir.2006); *Lockett v. Wal–Mart Stores, Inc.,* 337 F.Supp.2d 887, 891 (E.D.Tex.2004). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, LLC,* 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). " '[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment for the moving party.' " *U.S. ex rel. Farmer v. City of Houston,* 523 F.3d 333, 337 (5th Cir.2008) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The Court must view all evidence in a light most favorable to the non-moving party. *Piazza's Seafood World, LLC,* 448 F.3d at 752; *Lockett,* 337 F.Supp.2d at 891. Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

■■■ "Once the moving party has initially shown 'that there is an absence of evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *TIG Ins. Co. v. Sedgwick James of Washington,* 276 F.3d 754, 759 (5th Cir.2002) (quoting *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548). The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett,* 337 F.Supp.2d at 891. Thus, the Court will not, "*in the absence of proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)); *see also TIG Ins. Co. v. Eagle, Inc.,* Civ. Action No. 05–0179, 2007 WL 861153, at *2 (E.D.La.2007) (quoting *Little,* 37 F.3d at 1075). Rather, it must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. FED.R.CIV.P. 56(e); *Piazza's Seafood World, LLC,* 448 F.3d at 752; *Lockett,* 337 F.Supp.2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 & n. 7 (5th Cir.1992)). Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate ... if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.' " *Arbaugh v. Y & H Corp.,* 380 F.3d 219, 222–23 (5th Cir.2004) (quoting *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548).

Wal–Mart asserts that it is entitled to summary judgment because (1) Plaintiff has not presented evidence that it was a manufacturer of the tire and (2) Plaintiff cannot prove it is liable as a non-seller manufacturer under Section 82.003 of the Texas Civil Practice and Remedies Code. Wal–Mart and MNA assert that since Plaintiff's deadline to designate experts has expired and Plaintiff failed to designate any experts, Plaintiff cannot show a genuine issue of material fact as to product

defect or causation, necessary elements of his claims of strict liability and negligence for products liability. Plaintiff did not file a response.

■ Because the Court is sitting in diversity and the accident at issue took place in Texas, Texas law governs Plaintiff's claims. Under Texas law, a plaintiff can recover in a products liability action under three theories: (1) strict liability; (2) negligence; and (3) breach of warranty. *Dion v. Ford Motor Company*, 804 S.W.2d 302, 309 (Tex.App.-Eastland 1991) (citing *Duncan v. Cessna Aircraft Company*, 665 S.W.2d 414, 423 (Tex.1984)).

■ Wal–Mart denies having any connection with the tire other than selling it. Plaintiff's complaint, because it does not distinguish between Wal–Mart and MNA, is unclear as to whether it intended to claim Wal–Mart was a manufacturer of the tire. Even assuming that it did, Plaintiff has not presented any evidence to support that assertion. Furthermore, in his deposition, Plaintiff states he does not know when or where the tires were purchased or the vehicle serviced.[2] Plaintiff did not file a response to Wal–Mart's motion and there is no evidence in the record that Wal–Mart ever serviced the vehicle, including installing the tires at issue. Wal–Mart asserts that it should only face liability as a non-manufacturing seller under Section 82.003 of the Texas Civil Practices and Remedies Code.[3] Under Texas

---

**2.** Plaintiff's Deposition, in pertinent part, states:

Q: Do you know anything about when or where the tires on this particular Ford Ranger truck were purchased?

A: No, I don't.

. . .

Q: Do you know during the time that you drove the vehicle for these five months prior to the accident, do you rmember the vehicle ever being taken in for service anywhere?

A: I don't know, sir.

Q: When the vehicle was serviced, do you know where it was serviced?

A: I don't know.

Dep. of Johnny Romo 43:25–44:3, 98:25–99:7, Jan. 20, 2011, ECF No. 55, Ex. A.

**3.** Texas law describes a "seller" as an entity that distributes or places a product into the stream of commerce for commercial purposes. Tex. Civ. Prac. & Rem.Code Ann. § 82.001(3) (Vernon 2009). A seller that did not manufacture a product may still be held liable for injuries caused by the product if the plaintiff proves specific circumstances exist. Section 82.003(a) states:

(a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:

(1) that the seller participated in the design of the product;

(2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

(3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

(4) that:

(A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;

(B) the warning or instruction was inadequate; and

(C) the claimant's harm resulted from the inadequacy of the warning or instruction;

(5) that:

(A) the seller made an express factual representation about an aspect of the product;

(B) the representation was incorrect;

(C) the claimant relied on the representation in obtaining or using the product; and

(D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

(6) that:

(A) the seller actually knew of a defect to the product at the time the seller supplied the product; and

law, an innocent seller may still be held liable for the harm caused by a defective and unreasonably dangerous product, although the manufacturer of the product is required to indemnify the seller except for any loss caused by the seller's negligence, intentional misconduct or other act or omission. *SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444, 449 (Tex.2008); *Manchester Tank & Equipment Co. v. Engineered Controls Intern., Inc.*, 311 S.W.3d 573, 576 (Tex.App.-Waco 2009); Tex. Civ. Prac. & Rem.Code Ann. § 82.002(a) (Vernon 2009). A seller does not have a duty to inspect or test a product manufactured by another for latent defects and thus cannot be held liable for failure to test or inspect. *Champion Mobile Homes v. Rasmussen*, 553 S.W.2d 237, 243 (Tex.Civ.App.1977). Wal–Mart cannot be held liable as a manufacturer or installer of the tire or for negligently servicing the vehicle because Plaintiff has not presented evidence that Wal–Mart had any connections with the tire in these capacities. Furthermore, as a non-manufacturing seller, Plaintiff has not asserted Wal–Mart made express factual representations that caused him harm. Therefore, Wal–Mart's only potential liability in this action arises as the seller of an allegedly defective product under theories of negligence and strict liability, including claims of failure to warn of the defects of the tire. All claims asserted by Plaintiff against Wal–Mart require Plaintiff show defect and/or causation.

 Texas has adopted Section 402A of the Restatement (Second) of Torts providing strict liability for the sale of defective products. *See McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787, 788–789 (Tex.1967). Section 402A provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts § 402A; *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334–35 (Tex.1998). "To make out a strict liability cause of action, a party must establish that: (1) a product is defective; (2) the defect rendered the product unreasonably dangerous; (3) the product reached the consumer without substantial change in its condition from the time of original sale; and (4) the defective product was the producing cause of the injury to the user." *Syrie v. Knoll Int'l*, 748 F.2d 304, 306 (5th Cir.1984). A plaintiff may show that a product is defectively designed, manufactured, or marketed. *Hayles v. General Motors Corporation*, 82 F.Supp.2d 650, 655 (S.D.Tex.1999). Regardless, "[t]he concept of defect is considered central to any products liability action...." *Rodriguez v. Hyundai Motor*

(B) the claimant's harm resulted from the defect; or
(7) that the manufacturer of the product is:

(A) insolvent; or
(B) not subject to the jurisdiction of the court.

*Co.*, 944 S.W.2d 757, 769 (Tex.App.–Corpus Christi 1997), *rev'd on other grounds, Hyundai Motor Co. v. Rodriguez,* 995 S.W.2d 661 (Tex.1999). Furthermore, under a theory of strict liability, the defect must be the producing cause, which encompasses cause-in-fact, of the injury. "Producing cause is defined as one 'that is a substantial factor that brings about injury and without which the injury would not have occurred.'" *Kiesel v. Rentway,* 245 S.W.3d 96, 99 (Tex.App.-Dallas 2008) (quoting *Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 45 (Tex.2007)).

 "To recover for a product liability claim alleging design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Timpte Industries, Inc. v. Gish,* 286 S.W.3d 306, 311 (Tex.2009). Design defects are evaluated in light of the economic and scientific feasibility of safer alternatives. *Uniroyal Goodrich Tire Co. v. Martinez,* 977 S.W.2d 328, 335 (Tex.1998). "A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d 797, 800 (Tex.2006). "A 'marketing defect' occurs when a defendant knows or should have known of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use." *Dewayne Rogers Logging, Inc. v. Propac Industries, Ltd.,* 299 S.W.3d 374 (Tex.App.-Tyler 2009), *reh'g overruled* (Dec. 16, 2009).

 To recover under a theory of negligence, a plaintiff must show "(1) the existence of a duty on the part of one party to another; (2) the breach of that duty; and (3) the injury to the person to whom the duty is owed as a proximate result of the breach." *Dion,* 804 S.W.2d at 310 (citing *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536 (Tex.1975)). "The care taken by the supplier of a product in its preparation, manufacture, or sale is not a consideration in strict liability; this is, however, the ultimate question in a negligence action. Strict liability looks at the product itself and determines if it is defective. Negligence looks at the act of the manufacturer and determines if it exercised ordinary care in design and production." *Syrie v. Knoll Intern.,* 748 F.2d 304, 307 (5th Cir.1984) (quoting *Gonzales v. Caterpillar Tractor Co.,* 571 S.W.2d 867, 871 (Tex.1978)). "Both negligent manufacturing and negligent design require a showing of dangerous product." *Kallassy v. Cirrus Design Corp.,* 2006 WL 1489248, at *3 (N.D.Tex.2006) (citing Restatement (Second) of Torts § 395). Where a manufacturer fails to properly warn of the dangerous propensities of a product, the failure to warn may render an otherwise nondefective product unreasonably dangerous. *Munoz v. Gulf Oil Co.,* 732 S.W.2d 62, 65 (Tex.App.-Houston [14th Dist.] 1987). The adequacy of a warning is a question of fact for the jury but the existence of a duty to warn is a question of law. *Id.* All negligence causes of action in products liability cases require a showing of proximate causation—that is, a plaintiff must prove the breach of the duty was a cause-in-fact of the injury and that the defendant should have reasonably foreseen the injury. *Brown v. Edwards Transfer Co., Inc.,* 764 S.W.2d 220, 223 (Tex.1988).

Texas courts have explained that where "the allegations and evidence are directed to whether the product is 'unreasonably dangerous' and no other potentially negli-

gent conduct is alleged or the subject of evidence," the negligence theories are subsumed by the strict liability theories asserted. *Kallassy*, 2006 WL 1489248, at *4 (citing *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 257 (5th Cir. 1988)). In *Garrett*, the Fifth Circuit, applying Texas law, explained:

> Although a negligence claim requires a different showing from a strict liability claim, it is not logical for a manufacturer to be held liable for failing to exercise ordinary care when producing a product that is not defective because (1) if a product is not unreasonably dangerous because of the way it was manufactured, it was not negligent to manufacture it that way; and (2) even if the manufacturer was somehow negligent in the design or production of the product, that negligence cannot have caused the plaintiffs injury because the negligence did not render the product 'unreasonably dangerous.'

850 F.2d at 257. Plaintiff's negligence claims against Wal–Mart and MNA are all based on the allegation that the accident tire was unreasonably dangerous due to a defect. Even Plaintiff's claims of failure to warn or to test and failure to disseminate information about the tire are dependent on the tire being unreasonably dangerous due to a defect. Thus, all Plaintiff's claims against Wal–Mart and MNA under negligence theories are subsumed by his claims against Defendants under strict liability theories. Even if they were not, Plaintiff's claims under strict liability require a showing of defect and cause-in-fact while his claims under negligence require a showing of cause-in-fact. Plaintiff's claims for negligent manufacturing and negligent design additionally require a showing of defect. Even if Plaintiff's allegation that Wal–Mart negligently serviced the vehicle and/or negligently installed the tire was supported by evidence that Wal–Mart was involved with servicing the vehicle or installing the tire, Plaintiff would still be required to show evidence of causation.

Wal–Mart and MNA argue that since Plaintiff has not designated any expert witnesses, he cannot prove either defect or cause-in-fact, and therefore cannot prove essential elements of his claims. Federal Rule of Civil Procedure 26(a)(2) requires that parties provide the identities of any expert witnesses that they may use to present evidence. FED.R.CIV.P. 26(a)(2)(A). Furthermore, they must provide a written report of any witnesses "retained or specifically employed to provide expert testimony." FED.R.CIV.P. 26(a)(2)(B). A party who fails to comply with these rules is generally precluded from using the witness "to supply evidence on a motion, at a hearing, or at a trial...." FED.R.CIV.P. 37(c)(1).

Federal Rule of Evidence 702 provides that experts may testify as to "scientific, technical, or other specialized knowledge [that] will assist the trier of fact" if the court determines they are sufficiently reliable. FED.R.EVID. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Furthermore, Rule 701(c) prohibits witnesses not qualified as experts from testifying "based on scientific, technical or other specialized knowledge within the scope of Rule 702." FED.R.EVID. 701(c).

■■■■■ "While circumstantial evidence may be used [to establish elements of a products liability case], expert testimony may be required depending on the facts of the case." *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 205 (Tex.2008). Whether expert testimony is required is a question of law that "depends on whether the theory argued [by Plaintiff] involves issues beyond the general experience and common understanding of laypersons." *Id.* In es-

tablishing causation, expert testimony is required unless "general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the causal relationship between the event and the condition." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex.2006). The Texas Supreme Court has stated that "expert testimony is generally encouraged if not required to establish a products liability claim." *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42 (Tex.2007). In *Ledesma*, the court further explained that "[i]f juries were generally free to infer a product defect and injury causation from an accident or product failure alone, without any proof of the specific deviation from design that caused the accident, expert testimony would hardly seem essential. Yet we have repeatedly said otherwise." *Id.*

Courts applying Texas law in products liability actions have frequently required expert testimony for both defect and causation. Texas courts have repeatedly held that "[t]he mere fact that an accident occurred is not sufficient proof that the automobile was defective." *Hernandez v. Nissan Motor Corp. in U.S.A.*, 740 S.W.2d 894, 895 (Tex.App.-El Paso 1987) (writ denied). The Texas Supreme Court has held in products liability actions that "a specific defect must be identified by competent evidence and other possible causes must be ruled out." *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004). In *Nissan*, the court held that the mere occurrence of an unintended acceleration in a vehicle was insufficient evidence of defect and causation. *Id.* at 137–38. The court noted that it had "consistently required competent expert testimony and objective proof that a defect caused the acceleration" and that the courts of appeals and other courts had done the same. *Id.* at 137. The court noted a number of courts of appeals decisions applying Texas

law where the courts had held that liability could not be based on unintended acceleration alone, *Hernandez v. Nissan Motor Corp. in U.S.A.*, 740 S.W.2d 894, 895 (Tex. App.-El Paso 1987) (writ denied), on lay testimony regarding defect and cause, *Selig v. BMW of N. Am., Inc.*, 832 S.W.2d 95, 99, 105 (Tex.App.-Houston [14th Dist.] 1992) (no writ), or on defects not confirmed by actual inspection, *Bass v. Gen. Motors Corp.*, 491 S.W.2d 941, 945, 947 (Tex.Civ. App.-Corpus Christi 1973) (writ ref'd n.r.e.). The court further explained that this reasoning was not limited to cases involving unintended acceleration but was particularly compelling in those cases where there were many potential causes that were untraceable. *Nissan*, 145 S.W.3d at 137.

The Texas Supreme Court found that an affidavit stating that a fire in a vehicle occurred and an expert that testified he suspected the cause was a defective electrical system was insufficient to show defect or causation to survive summary judgment. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex.2004). The court affirmed the trial court's grant of summary judgment in favor of the vehicle manufacturer because the plaintiff had not provided sufficient evidence to raise more than a suspicion of defect that caused a fire in the vehicle. *Id.* at 601. There, the plaintiffs expert suggested a possible defect after examining the remains of the vehicle but could only provide a guess as to the defect and cause of the fire. *Id.* Here, Plaintiff has not even provided an expert to guess as to a defect but has merely asserted in his pleadings that a defect, possibly an insufficient proportion of adequate antioxidant and antidegradants, caused the tire to blow causing the vehicle to roll over.

Texas courts have found plaintiffs have not presented evidence of a factual controversy sufficient to survive summary judg-

ment even when they have presented expert testimony regarding defect where they have not sufficiently shown cause-in-fact, an essential element of products liability claims under both strict liability and negligence. In *Mack Trucks,* the Texas Supreme Court upheld the trial court's grant of summary judgment to the manufacturer of a tanker truck carrying crude oil that caught fire after it overturned. 206 S.W.3d 572. After upholding the trial court's decision to exclude the plaintiffs' expert testimony regarding causation but not defect, the court held that the plaintiffs had not produced any evidence of causation and therefore summary judgment in favor of the manufacturer was appropriate. *Id.* The court found that whether an asserted design defect caused the fire, as opposed to the numerous other possible causes, was not within the general understanding and common knowledge of lay jurors. *Id.* Similarly, whether the tire contained an insufficient proportion of adequate antioxidant and antidegradants, or some other unspecified defect, is not within the general understanding and common knowledge of lay jurors. Furthermore, whether the tire blew and caused the accident, as opposed to other possible causes including that the sudden movement first one direction and then the other may have caused the Ford Ranger to rollover even without experiencing any tire blow-out or other malfunction, is not within the general understanding and common knowledge of lay jurors.

In a products liability action asserting negligence where a car caught fire while in the garage, the Texas Court of Appeals held that summary judgment in favor of the manufacturer and seller was appropriate because the plaintiff's expert created only a strong suspicion that the cruise control device was the cause-in-fact of the fire. *Driskill,* 269 S.W.3d at 205. The court stated that "[w]hile the evidence creates a strong suspicion that the defect caused the fire, the suspicion is just that, a suspicion." *Id.* The court further reasoned that "[w]hether the [cruise control device] caused the fire involves complex questions of chemistry, electrical engineering, and hydraulic engineering" and therefore a layperson would be unable to determine whether it was the cause of the fire without expert testimony. *Id.* Here, whether the tire contained a defect and whether that defect caused the accident involves complex questions of chemistry, engineering and physics beyond the general understanding and common knowledge of laypersons.

 In this case, Plaintiff has not presented any evidence that Wal–Mart manufactured or installed the tire or serviced the vehicle. Thus, Wal–Mart can only be held liable as a non-manufacturing seller of a defective product. Plaintiff has not provided any evidence of defect or cause-in-fact. Plaintiff did not file a response to Defendants' motions. Plaintiff has the burden of showing the elements of his causes of action, which include showing a defect in the tire and that the defect was the cause-in-fact of Plaintiff's injury. Plaintiff has not presented any evidence of a defect other than the existence of the accident itself. Plaintiff has not presented any evidence that the alleged defect was the cause of the injury and there are other possible causes. Since Plaintiff has failed to present evidence on necessary elements of his causes of action, the Court finds there is no genuine issue of material fact as to any of his claims.

## III. Motion for Order Directing Plaintiff to Pay Reasonable Experts' Fees

MNA and Wal–Mart filed a Motion requesting the Court order Plaintiff to pay

reasonable expert fees in connection with the deposition of MNA and Wal–Mart's expert, Glenn Follen. Dkt. No. 53. Defendants state that "Plaintiff's counsel indicated that she wants to take the deposition" of Follen. *Id.* at 1. Defendants assert that Follen will spend four hours preparing for his deposition and charges a reasonable rate of $275.00 per hour. *Id.* at 3, Ex. A.

The Court understands from Defendants' motion that Plaintiff has not yet deposed Defendants' experts. Given that the Court has granted Defendants' Motions for Summary Judgment, Plaintiff will not be deposing their experts. Therefore, the Court **DENIES AS MOOT** Defendants' Motion for Order Direction Plaintiff to Pay Reasonable Experts' Fees in Connection with any Depositions of MNA and Wal–Mart's Experts. Dkt. No. 53.

## IV. Conclusion

Based on the foregoing, the Court **DENIES** MNA's Motion to Dismiss and Motion for Sanctions, Dkt. No. 43, **GRANTS** MNA's Motion for Summary Judgment, Dkt. No. 52, **GRANTS** Wal–Mart's Motion for Summary Judgment, Dkt. No. 55, and **DENIES AS MOOT** MNA and Wal–Mart's Opposed Motion for Order Directing Plaintiff to Pay Reasonable Experts' Fees in Connection with any Depositions of MNA and Wal–Mart's Experts, Dkt. No. 53.