**Affirmed and Opinion filed July 15, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00619-CV

---

## ASNAKE T. BELEHU, Appellant

## V.

## CAROLYN LAWNICZAK, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF DANIEL J. LAWNICZAK, DECEASED, Appellee

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2011-58115**

---

# O P I N I O N

In this permissive interlocutory appeal from the trial court's denial of the defendant's traditional motion for summary judgment, we consider whether the defendant conclusively proved his entitlement to immunity or limitation of liability based upon Texas Transportation Code section 452.056(d). Concluding he did not, we affirm the trial court's order denying his motion.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Metropolitan Transit Authority of Harris County ("Metro") contracted with First Transit, Inc., a private corporation, to provide drivers for Metro buses. Appellant/defendant Asnake T. Belehu was an employee of First Transit who was one of the drivers provided under this contract. In May 2011, Belehu was driving a Metro bus that struck Daniel J. Lawniczak, who later died of his injuries. Appellee/plaintiff Carolyn Lawniczak, individually and as independent administratrix of the Estate of Daniel J. Lawniczak, Deceased ("Lawniczak") filed suit in the trial court asserting wrongful death and survival claims against Belehu only.

Belehu filed a traditional motion for summary judgment seeking as a matter of law a judgment that Lawniczak take nothing or, in the alternative, that the trial court limit Belehu's liability to $100,000. In his summary-judgment motion, Belehu asserted the following grounds for judgment as a matter of law in his favor: (1) employees of independent contractors are included within the scope of the undefined term "independent contractor" in Texas Transportation Code section 452.056(d),[1] and therefore Belehu, as an employee of independent contractor First Transit, is entitled to the protection of this statute, which allegedly means that Belehu has the same immunity and limited liability that Metro enjoys under the Texas Tort Claims Act; (2) because Belehu is an "independent contractor" within the meaning of section 452.056(d), he is entitled to be treated as if he were an employee of a governmental unit for purposes of Texas Civil Practice and Remedies Code section 101.106(f) and under that statute, Belehu is entitled to dismissal of Lawniczak's claims against him; (3) in the alternative, because Belehu

---

[1] Unless otherwise stated herein, all statutory references in this opinion are to the Texas Transportation Code.

is an "independent contractor" within the meaning of section 452.056(d), he is entitled to a limitation of his liability to $100,000 under Texas Civil Practice and Remedies Code section 101.023(b); and (4) in the alternative, Belehu is entitled to official immunity under the common law.

The trial court denied Belehu's summary-judgment motion and Belehu followed the procedures necessary to perfect a permissive appeal from this interlocutory order under Texas Civil Practice and Remedies Code section 51.014(d).

## II. STANDARD OF REVIEW

A party who moves for a traditional summary judgment based on a defense must conclusively prove each element of that defense. *See Munoz v. Gulf Oil Co.*, 693 S.W.2d 372, 373 (Tex. 1984) (per curiam); *Brandywood Housing, Ltd. v. Harris County Appraisal Dist.*, No. 14-08-00404-CV, 2010 WL 1752334, at *1 (Tex. App.—Houston [14th Dist.] May 4, 2010, pet. denied) (mem. op.). If the movant's motion and summary-judgment evidence conclusively prove his right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary-judgment order, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

## III. ANALYSIS

On appeal, Belehu presents various arguments as to why the trial court erred in not granting his summary-judgment motion as to each of the first three grounds. Belehu has not argued on appeal that the trial court erred in denying summary judgment as to his fourth ground based on common-law official immunity.[2] Thus, we need only address whether the trial court erred in denying Belehu's traditional motion for summary judgment as to the first three grounds, each of which is based on Belehu's entitlement to the protection of section 452.056(d). This section provides in its entirety as follows:

> A private operator who contracts with an authority **under this chapter** is not a public entity for purposes of any law of this state except that an independent contractor of the authority that, on or after June 14, 1989, performs a function of the authority or an entity described by Section 452.0561 that is created to provide transportation services is liable for damages only to the extent that the authority or entity would be liable if the authority or entity itself were performing the function and only for a cause of action that accrues on or after that date.

Tex. Transp. Code Ann. § 452.056(d) (emphasis added). In construing this, as any, statute, this court's objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). Under the

---

[2] In granting Belehu permission to appeal denial of his summary-judgment motion, the trial court did not identify the official-immunity ground as a controlling question of law as to which there is a substantial ground for difference of opinion.

unambiguous language of section 452.056(d), to be entitled to the protection of this statute, Belehu must be an "independent contractor" of an "authority under [chapter 452]." *See* Tex. Transp. Code Ann. § 452.056(d). Belehu argues that First Transit is an independent contractor of Metro and that employees of independent contractors acting in the course and scope of their employment are considered independent contractors. But, even if this argument is correct, Belehu would not be entitled to the protection of section 452.056(d) unless Metro is an "authority under [chapter 452]."

The parties have briefed an issue of first impression in this court, whether the term "independent contractor" as used in section 452.056(d) includes employees of the independent contractor. *See* Tex. Transp. Code Ann. § 452.056(d) (West 2014). But, Belehu was required to conclusively prove each element of his defenses based on section 452.056(d). *See Munoz*, 693 S.W.2d at 373; *Brandywood Housing, Ltd.*, 2010 WL 1752334, at *1. Thus, before addressing whether the term "independent contractor" includes employees of an independent contractor, we address the threshold issue of whether Metro is an authority under chapter 452, as required for section 452.056(d) to apply.

In chapter 452, the term "authority" is defined as:

> a regional transportation authority created under this chapter or Chapter 683, Acts of the 66th Legislature, Regular Session, 1979. The term includes: (A) when used in Subchapters B, C, D, F, H, and I and Sections 452.201 and 452.451, a subregional authority created by a contiguous municipality; and (B) as appropriate, an authority, other than an authority created by a contiguous municipality, consisting of one subregion.

Tex. Transp. Code Ann. § 452.001(1) (West 2014).

Neither in his summary-judgment motion nor on appeal has Belehu asserted

that Metro is an authority under chapter 452 or that Metro is a regional transportation authority created under chapter 452 or under Chapter 683, Acts of the 66th Legislature, Regular Session, 1979, the statutory predecessor to chapter 452 (hereinafter the "Predecessor Statute"). No summary-judgment evidence shows that Metro is an authority under chapter 452 or that Metro is a regional transportation authority created under chapter 452 or under the Predecessor Statute. In his motion and on appeal, Belehu asserts in a conclusory fashion that section 451.052(c) applies to Metro. That statute applies only to an authority under chapter 451, which is defined as "a rapid transit authority created under [chapter 451] or under Chapter 141, Acts of the 63rd Legislature, Regular Session, 1973." Tex. Transp. Code Ann. § 451.001(2) (West 2014). *See id.* § 451.052(c) (West 2014). Belehu has not cited and research has not revealed any cases supporting the proposition that Metro is an authority under chapter 452 or that Metro is a regional transportation authority created under chapter 452 or under the Predecessor Statute. Several sister courts of appeals have concluded that Metro is a rapid transit authority created under the statutory predecessor to chapter 451, chapter 141, acts of the 63rd Legislature, Regular Session, 1973.[3] *See City of Houston v. Todd*, 41 S.W.3d 289, 295–96 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Kaufman v. State*, 901 S.W.2d 653, 654 (Tex. App.—El Paso 1995, pet. ref'd); *City of Humble v. Metropolitan Transit Auth.*, 636 S.W.2d 484, 486–87 (Tex. App.— Austin 1982, writ ref'd n.r.e.). The summary-judgment evidence and Belehu's motion do not conclusively prove that Metro is an authority under chapter 452 or that Metro is a regional transportation authority created under either chapter 452 or the Predecessor Statute. *See Willrich*, 28 S.W.3d at 23; *Munoz*, 693 S.W.2d at 373. Because Belehu did not carry this burden as to his first three summary-judgment

---

[3] Belehu did not assert any summary-judgment ground based on any protection or benefit allegedly afforded to Belehu by any provision of chapter 451.

grounds, Lawniczak was not required to respond or raise any issue in her response in this regard. *See Willrich*, 28 S.W.3d at 23; *Munoz*, 693 S.W.2d at 373.

The summary-judgment evidence and Belehu's motion do not conclusively prove Belehu's right to judgment as a matter of law as to each of his first three summary-judgment grounds. Thus, the trial court did not err in denying Belehu's summary-judgment motion as to these grounds. *See Willrich*, 28 S.W.3d at 23; *Munoz*, 693 S.W.2d at 373. We overrule Belehu's sole appellate issue and affirm the trial court's summary-judgment order.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

7